**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. **'08 - CV - 01754**

(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2008

GREGORY C. LANGHAM
CLERK

OSIEL RODRIGUEZ _____, Plaintiff,

v.

1. GENERAL COUNSEL FOR THE FEDERAL BUREAU OF
PRISONS,

2. MICHAEL K. NALLY, REGIONAL DIRECTOR FOR THE
FEDERAL BUREAU OF PRISONS CENTRAL REGIONAL
OFFICE,

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2008

GREGORY C. LANGHAM
CLERK

3. ONE UNKNOWN NAMED EMPLOYEE OF THE FEDERAL
BUREAU OF PRISONS U.S.P. - ADX FLORENCE,

_____, Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

## A. PARTIES

1. Osiel Rodriguez #21136-018; U.S. Penitentiary-ADX, P.O. Box 8500,
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Florence, Co 81226

2. General Counsel For The Federal Bureau of Prisons, 320 First Street,
   (Name, title, and address of first defendant)
   NW, Washington, DC 20534

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:

   Defendant is an employee of the federal government, acting

   under color of federal law.

3. Michael K. Naily, Regional Director For The Federal Bureau of
   Prisons Central Regional Office; Gateway Complex, Tower II, 8th floor
   (Name, title, and address of second defendant)
   400 State Avenue, Kansas City, Kansas 66101-2492

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:

   The defendant is an employee of the federal government,

   acting under color of federal law.

4. One Unknown Named Employee of the Federal Bureau of Prisons
   U.S.P.-ADX Florence; U.S. Penitentiary-ADX, 5880 State Highway 67 South,
   (Name, title, and address of third defendant)
   Florence, Co 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:

   The defendant is an employee of the federal government,

   acting under color of federal law.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant.  The information about additional defendants should be labeled "A. PARTIES.")

## B. JURISDICTION

1.   I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

     ____   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

     X   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.   I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

     _____  SUPPLEMENTAL JURISDICTION 28 U.S.C.A. 1367 _____

     _____ DIVERSITY JURISDICTION 28 U.S.C.A. 1332 _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1. MY CLAIM AROSE AS I WAS IN THE PROCESS OF EXERCISING MY ADMINISTRATIVE REMEDY RIGHTS, TO APPEAL A UNIT DISCIPLINARY COMMITTEE HEARING DECISION, WHICH CAME AS A RESULT OF AN INCIDENT REPORT I WAS ISSUED. WHEN MY APPEAL REACHED THE SECOND-STAGE/REGIONAL LEVEL, A PROCEDURAL ERROR WAS FOUND, AND IT WAS RETURNED TO THIS/MY INSTITUTION FOR FURTHER REVIEW. I FOUND OUT MONTHS LATER, THAT WITHOUT MY KNOWLEDGE THE INCIDENT REPORT HAD BEEN EXPUNGED (TOGETHER WITH THE UDC HEARING DECISION I WAS APPEALING), THEN RE-ENTERED INTO MY DISCIPLINARY RECORD IN THE VEHICAL OF A "UNIT DISCIPLINARY COMMITTEE 'REHEARING'."

2. THIS REHEARING NEVER TOOK PLACE; IT NEVER HAPPEND. I DID NOT SIT IN ON IT, NOR DID ANY MEMBER OF MY UNIT TEAM. THERE DOES NOT EXIST ONE PAPER DOCUMENT TO BACK IT UP. IT WAS SIMPLY PUNCHED INTO A COMPUTER BY AN UNKNOWN DEFENDANT TO APPEAR AS IF IT HAPPEND; BUT IT NEVER DID.

## C. NATURE OF THE CASE
### •CONTINUED•

3. I FOUND OUT ABOUT THIS FALSE UNIT DISCIPLINARY COMMITTEE RE-HEARING 90-PLUS DAYS AFTER THE DATE ON WHICH IT HAD SUPOSEDLY OCCURED, AS I IGNORANTLY WENT ABOUT THE ADMINISTRATIVE REMEDY APPEALS PROCESS OF THE ORIGINAL HEARING. BY THAT TIME, I WAS TIME-BARRED FROM CONTESTING ANY UNIT DISCIPLINARY COMMITTEE DECISION— REAL OR NOT.

4. THIS PRISONER COMPLAINT DOES NOT ARGUE THE MERRITS OF THE ABOVE-MENTIONED INCIDENT REPORT I WAS ISSUED, OR ANY DEFENSE THEREOF. NOR DOES IT CONTEST THE MERRITS OF THE LEGITAMATELY HELD HEARING WHICH I DID ATTEND AND TRIED TO APPEAL (NOTE: SINCE BOTH THE INCIDENT REPORT AND ENSUING UDC HEARING WERE EXPUNGED; IT WOULD BE A MOOT POINT TO ARGUE THEM HERE). THIS PRISONER COMPLAINT CONTESTS ONLY THE ISSUE OF THE FALSE/ILLEGAL UNIT DISCIPLINARY COMMITTEE REHEARING, AND HOW IT SERVED TO CIRCUMVENT/GUT/KILL THE ADMINISTRATIVE REMEDY APPEAL OF A LEGITAMATE HEARING DECISION; IN VIOLATION OF MY 1st AND 5th AMENDMENT RIGHTS TO PETITION THE GOVERNMENT FOR REDRESS.

5. ALL SUBSEQUENT ATTEMPTS AT FILING FOR ADMINISTRATIVE REMEDY ON THIS ISSUE HAVE LITERALLY GONE UNHEARD. EVEN THOUGH IT IS THE ONLY CLAIM I RAISE ON APPEAL; IT GOES UNADDRESSED IN THE RESPONSE/DENIALS. AS IF BY SIMPLY NOT ADDRESSING IT, THE ISSUE WILL CEASE TO EXIST.

6. THIS PRISONER COMPLAINT WILL SHOW, WITH OVERWHELMING EVIDENCE, THAT THE ABOVE-STATED CLAIM IS A FACT WHICH POINTS TO IRREFUTABLE VIOLATIONS OF MY 1st AND 5th AMENDMENT RIGHTS, TO PETITION THE GOVERNMENT FOR REDRESS.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: DEFENDANTS VIOLATED MY 1ST AND 5TH AMENDMENT RIGHTS

   Supporting Facts: 1. ON MAY 3, 2007, I WAS ISSUED INCIDENT REPORT #1595430.

   2. ON MAY 4, 2007, AT 11:45 AM, A UNIT DISCIPLINARY COMMITTE ("UDC") HEARING WAS HELD IN RELATION TO SAID INCIDENT REPORT. MY UNIT MANAGER, MR. M. COLLINS, SAT IN ON THE HEARING AS CHAIRPERSON; AND MY UNIT COUNSELOR, MR. R. MADISON, SAT IN AS WITNESS/MEMBER. THE UDC FOUND ME GUILTY OF THE CHARGES ON THE INCIDENT REPORT, AND SENTENCED ME TO 60-DAYS PHONE/ COMMISSARY RESTRICTIONS — 5/4/07 THRU 7/2/07 (SEE EXHIBIT B: PERTINENT SECTION OF MY INMATE DISCIPLINARY RECORD). THE UDC ALSO INFORMED ME OF MY RIGHT TO FILE AN APPEAL OF THEIR FINDINGS/DECISIONS WITHIN 15 CALENDAR DAYS. I TIMELY APPEALED.

   3. ON JUNE 21, 2007, I RECEIVED AN "ADMINISTRATIVE REMEDY REQUEST" (FIRST-STAGE APPEAL—"BP-9") RESPONSE/DENIAL FROM THE INSTITUTION WARDEN. MY APPEAL WAS ASSIGNED CASE NUMBER 453030-F2.

   4. ON JUNE 24, 2007, I FILED "AN ADMINISTRATIVE REMEDY APPEAL" (SECOND-STAGE APPEAL—"BP-10"), TO THE BUREAU OF PRISONS NORTH CENTRAL REGIONS' REGIONAL DIRECTOR, DEFENDANT MICHAEL K. NALLY.

   5. ON AUGUST 9, 2007, I RECEIVED A RESPONSE TO MY BP-10, DATED JULY 27, 2007, FROM DEFENDANT MICHAEL K. NALLY. HIS RESPONSE STATED THAT "A PROCEDURAL ERROR" HAD BEEN FOUND, AND THAT THE DISCIPLINARY PACKET HAD BEEN RETURNED TO THE INSTITUTION FOR FURTHER REVIEW (SEE EXHIBIT C:

(Rev. 1/30/07)                    5

## D. CAUSE OF ACTION
### • CONTINUED •

BP·10 RESPONSE).

6. ON AUGUST 11, 2007, I HANDED MY COUNSELOR (MR. R. MADISON) A WRITTEN REQUEST VIA "INMATE REQUEST TO STAFF MEMBER" FORM. IN SAID REQUEST I ASKED HIM ABOUT THE STATUS OF MY INCIDENT/DISCIPLINARY REPORT PACKET, WHICH HAD BEEN RETURNED TO THEM (I.E., MY UNIT TEAM) FOR FURTHER REVIEW. HE VERBALLY RESPONDED MY REQUEST BY TELLING ME HE HAD NO IDEA OF WHAT I WAS TALKING ABOUT... AND KNEW NOTHING ABOUT MY INCIDENT REPORT/APPEAL BEING RETURNED TO THEM FOR FURTHER REVIEW. DURRING THE NEXT 5-7-DAYS, I ASKED EACH MEMBER OF MY UNIT TEAM (I.E., COUNSELOR/MR. R. MADISON; CASE MANAGER/MR. FENLON; UNIT MANAGER/MR. M. COLLINS) ABOUT THIS TOPIC... EACH TIME THEY CLAIMED IGNORANCE AS TO WHAT I WAS REFERING TO.

7. WHILE THOSE WHO WERE SUPPOSED TO KNOW, CLAIMED TO KNOW NOTHING... THE CLOCK KEPT TICKING. I WAS AT RISK OF MISSING THE FILING DEADLINE FOR MY "CENTRAL REGION ADMINISTRATIVE REMEDY APPEAL" (THIRD-STAGE APPEAL—"BP·11"), TO THE BUREAU OF PRISONS GENERAL COUNSEL — DEFENDANT. I FILED SAID APPEAL ON AUGUST 20, 2007.

8. ON NOVEMBER 15, 2007, I RECEIVED THE RESPONSE/DENIAL TO MY BP·11 (DATED OCTOBER 26, 2007) APPEAL FROM THE GENERAL COUNSEL. HIS RESPONSE INFORMED ME THAT "INCIDENT REPORT No. 1595430 WAS REHEARD BY [MY] UNIT TEAM ON AUGUST 2, 2007" (NOTE: THIS DATE IS A FULL SEVEN DAYS BEFORE I RECEIVED THE REGIONAL DIRECTORS BP·10 RESPONSE INFORMING ME THAT THE DISCIPLINARY PACKET HAD BEEN RETURNED TO THE INSTITUTION — SEE SUPRA PARAGRAPH #5). HIS RESPONSE ALSO STATED THAT IF I WISHED TO APPEAL THIS UDC REHEARING, I COULD DO SO BY SUBMITTING A BP·9 APPEAL TO THE

## D. CAUSE OF ACTION
• CONTINUED •

TO THE WARDEN AT MY INSTITUTION (SEE EXHIBIT D: GENERAL COUN-SELS' BP-11 RESPONSE).

9. HIS INVITATION FOR ME TO APPEAL A UDC REHEARING DECISION 90-PLUS DAYS AFTER THE DATE ON WHICH IT WAS SAID TO HAVE OCCURED, WAS DISINGENUOUS AT BEST. AN INMATE HAS ONLY A 15-DAY WINDOW ON WHICH TO APPEAL ANY UDC ACTION. ANY APPEAL AT THAT POINT WAS TIME-BARRED. BESIDES, TO MY KNOWLEDGE NO AUGUST 2, 2007, UDC REHEARING HAD EVER OCCURED... UNAWARE OF ANY DECISION WHICH MIGHT HAVE TAKEN PLACE THERE; ON WHAT GROUNDS WAS I TO BASE AN APPEAL?

10. ON THAT SAME DAY (NOVEMBER 15, 2007), I SENT AN "INMATE REQUEST TO STAFF MEMBER" FORM TO MY UNIT MANAGER/MR. M. COLLINS, EXPLAINING THE SITUATION. I REQUESTED THE NAMES OF THE STAFF WHICH SAT IN AS CHAIRPERSON & WITNESS/MEMBER AT THE AUGUST 2, 2007, UDC REHEARING. I ALSO REQUESTED COPPIES OF ANY PAPERWORK GENERATED DURRING SAID REHEARING, AS WELL AS THE "TIME OF ACTION" TIME. I MADE CLEAR THAT HE AND I BOTH KNEW, NO SUCH REHEARING HAD EVER OCCURED.

11. ON DECEMBER 3, 2007, I RECEIVED THE RESPONSE TO MY REQUEST FROM UNIT MANAGER M. COLLINS (SEE SUPRA PARAGRAPH #10). IT WAS DATED NOVEMBER 30, 2007, AND STATED THE FOLLOWING:

> "NO REHEARING WAS CONDUCTED BY YOUR UNIT TEAM
> AT THE ADX. AS SUCH, WE HAVE NO RECORD OF SAME."
>     (SEE EXHIBIT E: REQUEST & RESPONSE)

12. IN LIGHT OF THIS MASSIVE CONTRADICTION/DISCONECT BETWEEN

7

# D. CAUSE OF ACTION

• CONTINUED •

THE GENERAL COUNSELS RESPONSE AND MY UNIT MANAGERS... I REQUESTED A COPY OF MY "INMATE DISCIPLINE DATA CHRONOLOGICAL DISCIPLINARY RECORD" ("DISCIPLINARY RECORD"), TO SEE WHICH SIDE OF THE STORY IT REFLECTED. TO MY AMAZEMENT, IT REFLECTED THAT INCIDENT REPORT #1595430 WAS REHEARD ON 8-2-2007, AT 8:05... AND THAT "M COLLIN [SIC]" SAT IN AS CHAIRPERSON. AND EVEN THOUGH MOOT, IT REFLECTED THE FIRST SANCTIONS I WAS SENTENCED TO, WITH THE SAME OLD DATES, AND MY OLD APPEAL CASE NUMBER — SEE SUPRA PARAGRAPH # 2 & 3. MOST DISTURBING OF ALL, EVEN THOUGH I DID NOT ATTEND ANY UDC REHEARING, IT CLAIMED I PROVIDED A "WRITTEN STATEMENT" AS MY REPORT REMARKS, I.E., DEFENSE (PLEASE SEE EXHIBIT F: PERTINENT SECTION OF DIS-CIPLINARY RECORD).

13. MY ADMINISTRATIVE REMEDY APPEALS, OF THE LEGITAMATELY HELD (MAY 4, 2007) UDC HEARING WAS CIRCUMVENTED/GUTTED/KILLED, AND REPLACED — WITHOUT MY KNOWLEDGE — BY A FALSE UDC REHEARING; WHICH NEVER TOOK PLACE. EVEN THOUGH ITS REFLECTED AS HAVING HAPPEND IN MY DISCIPLINARY RECORD; IT NEVER OCCURED. SINCE MY WORD AS AN INMATE HOLDS LITTLE TO NO SWAY; TAKE MY UNIT MANAGERS; "NO RE-HEARING WAS CONDUCTED BY YOUR UNIT TEAM..." (SEE EXHIBIT E). SOME-ONE HAD KNOWINGLY ENTERED THAT FALSE INFORMATION, INTO THE B.O.P.'S "CENTRY" COMPUTER PROGRAM, WITH THE INTENT/PURPOSE OF CIRCUMVENT-ING MY APPEAL RIGHTS. I CANNOT RIGHTLY ACUSE ONE MEMBER OF MY UNIT TEAM... I ONLY KNOW THAT SEVEN DAYS AFTER THE FALSE INFOR-MATION WAS ENTERED INTO MY RECORD (I.E., AUGUST 2, 2007), MY UNIT TEAM CLAIMED TO KNOW NOTHING ABOUT IT. THE PERSON WHO ENTERED THIS FALSE INFORMATION INTO MY DISCIPLINARY RECORD IS NAMED

8

## D. CAUSE OF ACTION
· CONTINUED ·

IN THIS COMPLAINT AS "ONE UNKNOWN NAMED [DEFENDANT] EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS U.S.P.-ADX FLORENCE". I EXPECT TO LEARN OF HIS/HER IDENTITY, AT THE SAME TIME THIS COURT DOES, THROUGH THE DISCOVERY PROCESS OF THIS COMPLAINT.

14. WITH MY APPEAL RIGHTS HAVING BEEN SUCCESSFULLY VIOLATED BY THE UNKNOWN DEFENDANT, I STARTED A NEW ADMINISTRATIVE REMEDY PETITION ON NOVEMBER 21, 2007. THEREIN I CLAIMED THAT THE FALSE/ILLEGALL UDC REHEARING HAD DENIED/VIOLATED MY RIGHT TO APPEAL THE LEGALLY HELD MAY 4, 2007, UDC HEARING. FOR RELIEF I ASKED THAT, 1) MY APPEAL RIGHTS BE REINSTATED, SO THAT I MAY ATTACK THE MERRITS OF INCIDENT REPORT #1595430, AND/OR THE LEGALLY HELD MAY 4, 2007, UDC HEARING; & 2) THAT SAID INCIDENT REPORT BE EXPUNGED ALTOGETHER. THIS NEW APPEAL WAS ASSIGNED THE CASE NUMBER 477729.

15. ON JANUARY 11, 2008, I RECEIVED THE WARDENS RESPONSE/DENIAL OF MY BP·9. THEREIN THE WARDEN DID NOT ADDRESS THE FALSE UDC REHEARING ISSUE, INSTEAD HE STATED THAT THE DISCIPLINARY PROCEDURE WAS CONDUCTED IN COMPLIANCE WITH B.O.P. POLICY. THE WARDENS RESPONSE IS ALWAYS A GENERIC/STANDARD DENIAL... ONLY THE NAMES/DATES ARE CHANGED (NOTE: I DO NOT HAVE A COPY OF HIS RESPONSE IN MY RECORDS).

16. ON APRIL 17, 2008, I RECEIVED DEFENDANT MICHAEL K. NALLYS BP·10 RESPONSE/DENIAL DATED APRIL 7, 2008. THEREIN HE STATED:

"WE HAVE REVIEWED YOUR APPEAL. YOU APPEALED THE INCIDENT REPORT VIA PREVIOUS ADMINISTRATIVE REMEDY #453030-R1. THE INSTITUTION WAS UNABLE TO LOCATE THE INCIDENT REPORT IN QUESTION AND EXPUNGED THE INCIDENT REPORT. THE INCIDENT

## D. CAUSE OF ACTION

• CONTINUED •

REPORT WAS LOCATED AND REINSTATED. YOU AGAIN APPEALED TO THE WARDEN VIA AN INSTITUTION ADMINISTRATIVE RE- MEDY FORM [NOTE: HERE, UNLIKE IN HIS SECOND SENTENCE — ABOVE —, DEFENDANT NALLY SITES NO APPEAL CASE NUMBER TO SUPPORT HIS CLAIM THAT I "AGAIN APPEALED". THIS IS BE- CAUSE I DID NOT APPEAL, AND NO SUCH APPEAL NUMBER EXISTS. BY THE TIME I FOUND OUT ABOUT THE AUGUST 2, 2007, FALSE UDC REHEARING, I WAS TIME-BARRED FROM FILING ANY APPEAL]. YOU PROVIDED NO EVIDENCE TO SUPPORT THAT YOU DID NOT COMMIT THE PROHIBITED ACT [NOTE: HOW COULD I HAVE PRO- VIDED SUCH EVIDENCE ON AN APPEAL I NEVER FILED, ABOUT A PHANTOM UDC REHEARING WHICH NEVER HAPPEND?]. WE FIND YOU HAVE BEEN APPROPRIATLY CHARGED AND SANCTIONED. YOU WERE AFFORDED DUE PROCESS [..] WE AFFIRM THE DECISION MADE BY THE UDC [NOTE: SINCE BOTH THE INCIDENT REPORT AND THE MAY 4, 2007, UDC HEARING DECISION WERE EXPUNGED, DEFEN- DANT NALLY MUST BE REFERING HERE TO "<u>THE DECISION MADE BY THE UDC</u>" AT THE FALSE AUGUST 2, 2007, UDC REHEARING, WHICH NEVER ACTUALLY HAPPEND]."
(SEE EXHIBIT F: BP-10 RESPONSE)

17. I SUBMITTED MY UNIT MANAGERS RESPONSE TO MY INQUIRY ABOUT THE FALSE UDC REHEARING (SEE SUPRA PARAGRAPH #11) AS AN EXHIBIT IN MY ADMENISTRATIVE REMEDY BP-10 APPEAL TO DEFENDANT MICHAEL K. NALLY. FOR HIM TO READ, "NO REHEARING WAS CONDUCTED BY YOUR UNIT TEAM...", AND YET CLAIM THAT "[I] [WAS] AFFORDED DUE PROCESS [..] WE AFFIRM THE DECISION MADE BY THE UDC."; MAKES HIM AN ACCOMPLICE TO A CLEAR VIOLATION OF MY 1ST AND 5TH AMENDMENT RIGHTS, AND AS CULPABLE AS THE OTHER DEFENDANTS. THE REGIONAL DIRECTORS' ROLE IS NOT TO RUBBER-STAMP VIOLATIONS MADE AT THE INSTITUTIONAL LEVEL; BUT THATS JUST WHAT HE DID HERE. ALSO, IF DEFENDANT MICHAEL K. NALLY WANTS TO PROVIDE AN APPEAL CASE NUMBER TO SUPPORT HIS ABOVE-QUOTED CLAIM (THAT I "AGAIN APPEALED"); HE MAY DO SO AT ANY TIME.

18. I RECEIVED THE GENERAL COUNSELS BP-11 RESPONSE/DENIAL (DATED JUNE 26, 2008), AUTHORED BY HIS ADMINISTRATOR OF NATIONAL INMATE APPEALS — MR. HARRELL WATTS — ON JULY 10, 2008. HIS DENIAL OF MY APPEAL IS EVEN MORE DISTURBING THAN THE REGIONAL DIRECTORS.

## D. CAUSE OF ACTION
• CONTINUED •

EVEN THOUGH I SUBMITTED MY UNIT MANAGERS WORDS (I.E., "NO REHEAR-ING WAS CONDUCTED BY YOUR UNIT TEAM...") AS AN EXHIBIT IN MY APPEAL, HE STARTS HIS DENIAL BY CLAIMING THAT I AM APPEALING THE "AUGUST 2, 2007, UDC HEARING DECISION". HOW DID HE ADDRESS MY BP·11 APPEAL, AND OVERLOOK THE FACT THAT <u>NOTHING WAS DECIDED ON AUGUST 2, 2007, BY MY UNIT TEAM FOR ME TO APPEAL</u>? HIS RESPONSE SEEMS TO BE ADDRESS-ING SOMEONE ELSES ADMINISTRATIVE REMEDY APPEAL; NOT MINE (SEE/ EXHIBITS A & G: MY APPEAL, AND THE GENERAL COUNSELS RESPONSE, RE-SPECTIVELY).

## CONCLUSION

19. IT TOOK 3 (THREE) DEFENDANTS TO VIOLATE MY 1ST & 5TH AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS, AND BRING THESE VIO-LATIONS TO THE PRISONER COMPLAINT STAGE:

    a. <u>ONE UNKNOWN NAMED EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS U.S.P. - ADX FLORENCE</u>: ONCE THE REGIONAL DIRECTOR RE-TURNED APPEAL #453030-F2 TO THE INSTITUTION FOR FURTHER REVIEW, THIS DEFENDANT KNOWINGLY, AND WITH RECKLESS IN-DIFFERENCE, EXPUNGED THE INCIDENT REPORT, THEN RE-ENTERED IT (VIA THE B.O.P.'S COMPUTER PROGRAM — CENTRY) UNDER THE GUISE/VEHICAL OF AN AUGUST 2, 2007, UDC REHEARING. NO ONE ATTENDED THIS HEARING BECAUSE IT NEVER HAPPEND. THIS UNKNOWN U.S.P. - ADX FLORENCE EMPLOYEE CHOSE TO UNDER-HANDEDLY ENTER A FALSE REPORT INTO A B.O.P. COMPUTER PRO-GRAM & MY DISCIPLINARY RECORD; RATHER THAN SEE THE IN-

11

# CONCLUSION
## • CONTINUED •

CIDENT REPORT EXPUNGED OUTRIGHT. THIS DEFENDANT ALSO KEPT THIS INFORMATION FROM ME ... I HAD TO FIND OUT MONTHS LATER FROM THE GENERAL COUNSELS RESPONSE TO MY APPEAL, INSTEAD OF BEING TOLD BY THIS DEFENDANT RIGHT HERE IN THIS PRISON. IT IS CLEAR THIS DEFENDANT SET OUT, WITH MALICIOUS INTENT, TO DEPRIVE ME OF SAID RIGHTS.

b. MICHAEL K. NALLY, REGIONAL DIRECTOR FOR THE FEDERAL BUREAU OF PRISONS CENTRAL OFFICE: EVEN WITH MY UNIT MANAGERS COMMENTS ASSURING HIM THAT "NO REHEARING [HAD BEEN] CONDUCTED BY [MY] UNIT TEAM AT THE ADX", HE CHOSE TO RUBBERSTAMP THE WARDENS DENIAL OF MY APPEAL-#477729-R3. ALSO, HE FALSLY CLAIMED THAT ONCE THE INCIDENT REPORT WAS "LOCATED AND REINSTATED", "[I] AGAIN APPEALED TO THE WARDEN VIA AN INSTITUTIONAL ADMINISTRATIVE REMEDY FORM"; BUT FAILLED TO SITE AN APPEAL NUMBER TO BACK UP HIS CLAIM. HE SAW THE VIOLATIONS CLEARLY, YET BECAME AN ACOMPLICE TO THEM BY ATTEMPTING TO COVER THEM UP. HE KNOWINGLY, AND WITH MALICIOUS INTENT, ATTEMPTED TO SOLEDIFY THE ILLEGITIMACY OF SAID VIOLATIONS BY CLAIMING THAT I WAS "APPROPRIATLY CHARGED AND SANCTIONED...[AND] AFFORDED DUE PROCESS"(SEE HIS BP-10 RESPONSE/DENIAL-EXHIBIT F).

c. GENERAL COUNSEL FOR THE FEDERAL BUREAU OF PRISONS: IN SPITE OF MY UNIT MANAGERS COMMENT ASSURING HIM THAT "NO REHEARING [HAD BEEN] CONDUCTED BY [MY] UNIT TEAM AT THE ADX", THIS DEFENDANT (THROUGH HIS ADMINISTRATOR OF NATIONAL INMATE APPEALS — MR. HARREL WATTS) REGARDED MY APPEAL

12

# CONCLUSION
### • CONTINUED •

WITH RECKLESS INDIFFRENCE, COMPLETELY OVERLOOKING THE ARGUMENT/CLAIM RAISED THEREIN. THEN, ON HIS OWN, BREATHED NEW LIFE INTO THE FALSE/ILLEGAL AUGUST 2, 2007, UDC REHEARING, BY MAKING THE CLAIM THAT I WAS APPEALING THE "AUGUST 2, 2007, UDC HEARING DECISION" (SEE HIS RESPONSE - EXHIBIT G). EITHER HE WAS FOOLED BY THE REGIONAL DIRECTOR INTO THINKING MY CLAIM WAS BASELESS, OR SIMPLY LACKS THE INDEPENDANT OVERSIGHT HIS POSITION REQUIRES OF HIM. WHATEVER THE CASE, HE FAILED IN HIS CAPPACITY BY LETTING THESE CLEAR VIOLATIONS GO UNCHECKED. IF HE READ ONE WORD IN MY BP.11 APPEAL; IT CERTAINLY DOES NOT SHOW IN HIS RESPONSE (PLEASE SEE/COMPARE EXHIBITS A & G : MY APPEAL AND THE GENERAL COUNSELORS RESPONSE, RESPECTIVELY).

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

JANICE G. MCLEOD, ROBERT E. McFFADDEN
HARLAN W. PENN

2. Docket number and court name:

U.S. DISTRICT COURT, EASTERN DIST. OF
CALIFORNIA - 1:08-CV-00184-LJO-GSA

3. Claims raised in prior lawsuit:

FREEDOM OF INFORMATION ACT / DEFENDANTS
DID NOT RELEASE INFORMATION REQUESTED

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

STILL PENDING

5. If the prior lawsuit was dismissed, when was it dismissed and why?

N-A

6. Result(s) of any appeal in the prior lawsuit:

N-A / SEE #4

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No  (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

SEE EXHIBIT A : LAST ADMINISTRATIVE REMEDY APPEAL.

(Rev. 1/30/07)                    14

# E. PREVIOUS LAWSUITS

1. J. KARGE, C.D. COLE, S. KNULL, D. TYSON, J. GONZALEZ, D. LORENCE, J. SPENCER, M. CHAVEZ

2. U.S. DISTRICT COURT — EASTERN DISTRICT OF CALIFORNIA, 1:08-CV-0032-LJO-GSA (PC)

3. PRISONER COMPLAINT: 1ST, 4TH, & 5TH AMENDMENTS WERE VIOLATED BY PRISON OFFICIALS

4. STILL PENDING

5. N-A

6. N-A / SEE #4

# E. PREVIOUS LAWSUITS

1. GENERAL COUNSEL FOR THE BUREAU OF PRISONS

2. U.S. DISTRICT COURT, DISTRICT OF COLORADO, 08-CV-01374-BNB

3. FREEDOM OF INFORMATION ACT / DEFENDANT DID NOT RESPOND TO F.O.I.A. REQUEST

4. STILL PENDING

5. N-A

6. N-A / SEE #4

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1. I WANT INCIDENT REPORT #1595430 (WHICH WAS ALREADY EXPUNGED ONCE BEFORE, THEN ILLEGALLY RE-ENTERED INTO MY DISCIPLINARY RECORD UNDER A FABRICATED UDC REHEARING), EXPUNGED FROM MY DISCIPLINARY RECORD;

2. I WANT THE ILLEGALLY REFLECTED AUGUST 2, 2007, UDC REHEARING, ERASED FROM MY INMATE DISCIPLINARY RECORD/FILE/HISTORY;

3. I WANT ANY/ALL COSTS AND FILING FEES ASSOCIATED WITH THIS COMPLAINT, PAID FOR BY THE DEFENDANTS;

4. I ALSO REQUEST PUNITIVE DAMAGES IN AN AMOUNT SET FORTH BY THE COURT;

   AND I PRAY FOR ANY OTHER RELIEF WHICH THIS HONORABLE COURT DEEMS APPROPRIATE TO GRANT ME.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   AUGUST 5, 2008
                     (Date)

_____
(Prisoner's Original Signature)

OSIEL RODRIGUEZ #21136-018
U.S. PENITENTIARY — ADX
P.O. BOX 8500
FLORENCE, CO 81226-8500





**U.S. Department of Justice**

**Federal Bureau of Prisons**

APPEAL OF #477729-R3 Central Office Administrative Remedy Appeal

_____ 4/16/08

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: RODRIGUEZ, OSIEL    21136-018    E    ADX-FLORENCE
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL:** ON MAY 4, 2007, I RECEIVED INCIDENT REPORT ("I/R") #1595430; AND APPEALED VIA ADMINISTRATIVE REMEDY. ON JULY 27, 2007, THE REGIONAL DIRECTOR RETURNED THE DISCIPLINARY PACKET TO THIS INSTITUTION BECAUSE THE I/R WAS MISSING. AS A RESULT THE I/R WAS EXPUNGED. THE I/R WAS EVENTUALLY LOCATED AT THE INSTITUTION, AND (FALSELY) REINSTATED UNDER THE GUISE OF A U.D.C. RE-HEARING (WHICH NEVER OCCURED) ON AUGUST 2, 2007 (SEE EXHIBIT "A"). BECAUSE MY UNIT TEAM CLAIMED IGNORANCE OF THE ABOVE; I CONTINUED MY APPEAL TO THE GENERAL COUNSEL LEVEL /BP.11. ONLY IN THE GENERAL COUNSELS OCTOBER 26, 2007 RESPONSE, WAS I INFORMED THAT THE I/R HAD BEEN REHEARD BY THE U.D.C. ON AUGUST 2, 2007... LEARNING OF THIS SUPOSED REHEARING THREE MONTHS AFTER THE FACT, TIME-BARRED ANY HOPES OF AN ADMINISTRATIVE REMEDY APPEAL. THE (ATTACHED) REGIONAL DIRECTORS UNSUPPORTED ASSERTION THAT I "AGAIN APPEALED TO THE WARDEN" CONCERNING SAID I/R, IS COMPLETELY FALSE. ALSO FALSE IS THAT I "ALLEDGE THE U.D.C. CONDUCTED A REHEARING... WITHOUT [ME] BEING PRESENT."... AS PER MY OWN UNIT TEAMS ADMISSION; SAID REHEARING NEVER OCCURED (SEE EXHIBIT "A"). TO THIS DAY MY INMATE DISCIPLINE DATA RECORD REFLECTS A U.D.C. REHEARING WHICH NEVER OCCURED (SEE EXHIBIT "B"), WHICH WAS PUT THERE TO SUPPORT THE REINSTATEMENT OF AN EXPUNGED I/R. THE MERITS FOR MY APPEAL OF I/R #1595430 WERE NEVER CONSIDDERED BY THE REGIONAL DIRECTOR OR GENERAL COUNSEL. MY ADMINISTRATIVE APPEAL OF SAID INCIDENT REPORT WAS KILLED AT THE REGIONAL LEVEL,

MAY 15, 2008   *SEE ATTACHED/CONTINUED
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED VOID APR 28 2008
Administrative Remedy Section
Federal Bureau of Prisons

_____    _____
DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 477729-A2

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

COPY #1

# CENTRAL OFFICE ADMINISTRATIVE APPEAL
## • ATTACHED / CONTINUED •

ONCE THE I/R WAS SENT BACK TO THIS INSTITUTION ███; EXPUNGED; AND THEN REINSTATED (WITHOUT MY KNOWLEDGE) VIA FALSE U.D.C. RE-HEARING. MY DUE PROCESS RIGHT TO APPEAL SAID I/R WERE USURPED BY THIS UNORTHODOX PROCEDURE, WHICH I ONLY LEARNED OF THREE MONTHS AFTER THE FACT—VIA BP.11 RESPONSE.

✳ FOR RELIEF: I ASK THAT I BE ALOWED TO CONTEST I/R #1595430 VIA ADMINISTRATIVE REMEDY PROCEDURE; OR IN THE ALTERNATIVE, THAT SAID I/R BE EXPUNGED DUE TO THE BAD FAITH METHOD IN WHICH IT WAS SECRETLY REINSTATED (VIA FALSE U.D.C REHEARING) AFTER IT WAS EXPUNGED BY THE REGION.

I ALSO ASK THAT THE FALSE U.D.C. REHEARING BE REMOVED FROM MY DISCIPLINARY DATA RECORD; AS IT NEVER ACTUALLY OCCURED (SEE EXHIBITS "A" & "B").

—————————

I SWARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: ████████████   BY: _____
MAY 15, 2008          OSIEL RODRIGUEZ





INMATE DISCIPLINE DATA

CHRONOLOGICAL DISCIPLINARY RECORD

```
---------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1595430 - SANCTIONED INCIDENT DATE/TIME: 04-30-2007 1230
UDC HEARING DATE/TIME: 05-04-2007 1145
FACL/UDC/CHAIRPERSON.: FLM/E/M. COLLINS
APPEAL CASE NUMBER(S): 453030
REPORT REMARKS.......: DENIED CHARGES
   328A GIVING/ACCEPTNG MONEY W/O AUTH - FREQ: 1
        LP PHONE   / 60 DAYS / CS
        COMP:   LAW:   PHONE RESTRICTION 5-4-07 THRU 7-2-07
   410  USING MAIL W/O AUTH - FREQ: 1
        LP COMM    / 60 DAYS / CS
        COMP:   LAW:   COMMISSARY RESTRICTION 5-4-07 THRU 7-2-07
---------------------------------------------------------------------
```



EXHIBIT

C

**U.S. Department of Justice**
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:**   453030-R1

This is in response to your Regional Administrative Remedy Appeal received on June 28, 2007, in which you request administrative relief regarding the May 4, 2007, decision of the Unit Discipline Committee. You were found to have committed the prohibited act of Attempting to Give Anything of Value to Another Without Staff Authorization, Code #328(A) and Unauthorized Use of the Mail, Code #410.

We have reviewed your appeal. We have found a procedural error; therefore, we have returned the disciplinary packet to the institution for further review. This will ensure compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units.

Based on the above information, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

FRIDAY
7/27/07
_____
Date

Michael K. Nalley, Regional Director

# EXHIBIT

# D

**U.S. Department of Justice**
**Federal Bureau of Prisons**                    Regional Administrative Remedy Appeal
**North Central Regional Office**                                    Part B - Response

---

**Administrative Remedy Number: 477729-R3**

---

This is in response to your Regional Administrative Remedy Appeal received on March 7, 2008, regarding the May 4, 2007, decision of the Unit Discipline Committee (UDC). You were found to have committed the prohibited acts of Giving Money or Anything of Value to, or Accepting Money or Anything of Value from: Another Inmate, or any Other Person Without Staff Authorization, Code #328; Unauthorized use of Mail, code #410. In your appeal, you allege the UDC conducted a rehearing on the purported Incident Report without you being present. For relief, you request the Incident Report be expunged.

We have reviewed your appeal. You appealed the Incident Report via previous Administrative Remedy #453030-R1. The institution was unable to locate the Incident Report in question and expunged the Incident Report. The Incident Report was located and reinstated. You again appealed to the Warden via an Institution Administrative Remedy form. You provided no evidence to support that you did not commit the prohibited act. Supported by the documented evidence, we find you have been appropriately charged and sanctioned. You were afforded due process in accordance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. We affirm the decision made by the UDC.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_4/7/08_
Date

Michael K. Nalley, Regional Director



# INMATE REQUEST TO STAFF MEMBER

| TO: | E. UNIT MANAGER / MR. COLLINS | NOVEMBER 15, 2007 |
|-----|-------------------------------|-------------------|
| FROM: | D. RODRIGUEZ # 21136-018 | E. B/407 |

\* ON MAY 3, 2007; I WAS ISSUED INCIDENT REPORT #1595430, WHICH I APPEALED THROUGH ADMINISTRATIVE REMEDY.

\* ON AUGUST 9, 2007; I RECEIVED FROM COUNSELOR MADISON (AT 6:55 AM) THE BP-10 RESPONSE. WHEREIN IT STATED THAT THERE WAS "FOUND A PROCEDURAL ERROR", AND THAT "THE DISCIPLINARY PACKET WAS RETURNED TO THE INSTITUTION FOR FURTHER REVIEW".

\* ON AUGUST 11, 2007; (AT 7:00 AM), I GAVE COUNSELOR MADISON A REQUEST, ASKING HIM FOR THE STATUS ON THIS ISSUE, SO I COULD SEE ABOUT FILING THE BP-11 (OR NOT). I RECEIVED A VERBAL RESPONSE FROM COUNSELOR MADISON, TELLING ME HE "COULD NOT FIND ANYTHING ON IT".

\* ON AUGUST 20, 2007; I MAILED OUT THE BP-11 APPEAL; WHICH WAS PICKED-UP LEGAL MAIL (BY YOU) AT 10:25 AM.

\* TODAY — NOVEMBER 15, 2007; (AT 7:15 AM) COUNSELOR MADISON ISSUED ME THE BP-11 RESPONSE (DATED: OCTOBER 26, 2007), WHICH STATES:

"OUR REVIEW REVEALS THE REGIONAL DIRECTOR REMANDED I/R #1595430 BACK TO THE U.D.C. FOR FURTHER REVIEW. RECORDS INDICATE I/R #1595430 WAS REHEARD ON AUGUST 2, 2007."

(A/R # 453030-A1)

1

IT GOES ON TO STATE (WHAT IS BY NOW A MOOT/TIME-BARRED POINT) THAT IF I WANT TO APPEAL THE INCIDENT REPORT "REHEARING DECISION", TO SUBMIT A BP-9 TO THE WARDEN.

SINCE WE BOTH KNOW I WAS NOT PRESENT AT ANY AUGUST 2, 2007, REHEARING... AND COUNSELOR MADISON FAILED TO INFORM ME THAT THE REHEARING HAD OCCURED 7-DAYS BEFORE HE ISSUED ME THE BP-10 RESPONSE; WHERE DO I STAND NOW THAT MY CHANCES AT APPEALING THIS I/R HAVE BEEN DENIED ME?

CAN YOU PLEASE PROVIDE ME WITH ANY DOCUMENTS GENERATED AT THIS AUGUST 2, 2007, REHEARING; TO INCLUDE THE "TIME OF ACTION"; WHO WAS THE U.D.C. CHAIRMAN; AND WHAT U.D.C. MEMBER WHO SAT ON THE U.D.C. PROCEEDINGS, AND MADE SURE IMPORTANT THINGS (LIKE, THAT I WAS PRESENT) WERE NOT OVERLOOKED?

THANK YOU

DISPOSITION:

No rehearing was Conducted by your unit team at the ADX. As such, we have no record of same

11-30-07

2

# EXHIBIT



```
            *      INMATE DISCIPLINE DATA        *    12-19-2007
PAGE 001     *    CHRONOLOGICAL DISCIPLINARY RECORD  *    18:07:43

REGISTER NO: 21136-018 NAME..: RODRIGUEZ, OSIEL
FUNCTION...: PRT      FORMAT: CHRONO   LIMIT TO    MOS PRIOR TO 12-19-2007

-----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 1595430 - SANCTIONED INCIDENT DATE/TIME: 04-30-2007 1230
UDC HEARING DATE/TIME: 08-02-2007 0805
FACL/UDC/CHAIRPERSON.: FLM/E/M COLLIN
APPEAL CASE NUMBER(S): 453030
REPORT REMARKS.......: WRITTEN STATEMENT PROVIDED
    328  GIVING/ACCEPTNG MONEY W/O AUTH - FREQ: 1
         LP PHONE   / 60 DAYS / CS
         COMP:   LAW:   5-4-07 THRU 7-2-07
    410  USING MAIL W/O AUTH - FREQ: 1
         LP COMM    / 60 DAYS / CS
         COMP:   LAW:   5-4-07 THRU 7-2-07
-----------------------------------------------------------------------
REPORT NUMBER........: 1595430 (REHEARD 08-02-2007 0805)
UDC HEARING DATE/TIME: 05-04-2007 1145
-----------------------------------------------------------------------


G0002      MORE PAGES TO FOLLOW . . .
```





**Administrative Remedy No. 477729-A2**
**Part B - Response**

You appeal the August 2, 2007, decision in which you were found to have committed the prohibited acts of Giving Money or Anything of Value to, or Accepting Money or Anything of Value From Another Inmate, or any Other Person Without Staff Authorization, Code 328 and Unauthorized Use of Mail, Code 410.  You request the incident report be expunged.

Review of this disciplinary action reveals substantial compliance with P.S. 5270.07, Inmate Discipline and Special Housing Units. Chapter 6 of this P.S. states that the UDC shall consider all evidence presented at the hearing and shall make a decision based on at least some facts.  Accordingly, we find that the UDC detailed in Section 19 of the Incident Report the specific evidence relied upon to support a finding that you committed the prohibited acts of Giving Money or Anything of Value to, or Accepting Money or Anything of Value from Another Inmate, or any other Person Without Staff Authorization, Code 328 and Unauthorized Use of Mail, Code 410.

The decision of the DHO is appropriate and consistent with Program Statement 5270.07.  The sanctions imposed were commensurate to the moderate category of the prohibited act committed.

Your appeal is denied.

6/26/2008
Date

Harrell Watts, Administrator
National Inmate Appeals

* NOTE: THERE WAS NO "DHO" (DISCIPLINARY HEARING OFFICIAL) INVOLVEMENT IN THIS CASE. CODE VIOLATIONS 410/328 ARE NOT SEVERE ENOUGH TO TRIGGER THAT TYPE OF HEARING. THIS IS A STANDARD GENERIC DENIAL, RENDERED WITHOUT THE LEAST CONSIDERATION GIVEN TO THE ISSUE BEING APPEALED.