IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01754-BNB

OSIEL RODRIGUEZ,

    Plaintiff,

v.

GENERAL COUNSEL FOR THE FEDERAL BUREAU OF PRISONS,
MICHAEL K. NALLY, Regional Director for the Federal Bureau of Prisons, Central
    Regional Office, and
ONE UNKNOWN NAMED EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS,
    USP, ADX Florence,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Osiel Rodriguez is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Mr. Rodriguez has filed a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), challenging a prison disciplinary conviction. In the Complaint, Mr. Rodriguez raises one claim asserting that his First and Fifth Amendment rights were violated when Defendants denied him proper access to the BOP administrative remedies procedure.

Mr. Rodriguez states that when he appealed the conviction in his disciplinary proceeding to the regional director he received a response from the regional director indicating that a procedural error had been found, and his disciplinary packet had been returned to the prison facility. He further states that no one at the prison facility was

aware that his packet had been returned for further review. He then appealed to the BOP general counsel, who in his response, referred to the rehearing and suggested that if Mr. Rodriguez desired he should appeal the results of the rehearing to the warden. Mr. Rodriguez contends that he was barred from appealing any results of the rehearing because his appeal would not have been timely.

Mr. Rodriguez asserts that he was informed by prison staff that no rehearing took place, but he also asserts he found in his disciplinary record that someone had entered the incident report number for the disciplinary action in question and had noted "Reheard 08-02-2007 0805." He further asserts that he again filed an appeal to the warden claiming that his right to appeal had been violated by the Unit Disciplinary Committee (UDC) rehearing and requesting that he be allowed to attack the merits of the original hearing. According to Mr. Rodriguez, the warden, in his response to the appeal, did not address the rehearing and simply stated that the original hearing was conducted in compliance with BOP policy. Plaintiff asserts he filed an appeal of the warden's response, and the regional director acknowledged the loss of the incident report, the expungement, and the reinstatement of the incident report. The regional director stated in his response that once the incident report was reinstated Plaintiff had appealed again, but that he provided no evidence that he was not properly charged or sanctioned. Plaintiff further asserts that he then appealed to the BOP general counsel. In the response to the appeal, the general counsel refers to the August 2, 2007, decision date and according to Applicant incorrectly refers to the Disciplinary Hearing Officer, as opposed to the UDC, as the staff member(s) that decided his disciplinary action.

Mr. Rodriguez concludes that due to the inordinate mistakes made by Defendants in processing his requests for administrative remedies he was unable to challenge the merits of the first UDC hearing and was denied the ability to attend the alleged rehearing. As relief, Mr. Rodriguez asks that the incident report be expunged and the illegal UDC rehearing be erased from his file. Plaintiff also seeks punitive damages.

The Court must construe the Complaint liberally because Mr. Rodriguez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Mr. Rodriguez has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Rodriguez does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Mr. Rodriguez states that he was sanctioned with the loss of telephone and commissary privileges for sixty days. The Court finds no liberty interest in a loss of these privileges for sixty days. *See Blum v. Federal Bureau of Prisons*, 189 F.3d 477, 1999 WL 638232, *3 (10th Cir. Aug. 23, 1999) (unpublished disposition) (concluding ninety-day confinement without store privileges, radio, and phone calls as enjoyed by other inmates in segregation did not differ in significant degree and duration to create a protected liberty interest). A denial of commissary and telephone privileges for sixty days does not impose an atypical and significant hardship on Mr. Rodriguez in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484. Therefore, Mr. Rodriguez has failed to assert a liberty interest that is subject to procedural due process protections.

Even if Mr. Rodriguez had asserted a liberty interest in his commissary and telephone privileges, he fails to assert he was denied due process. Constitutionally

adequate due process at a prison disciplinary hearing requires that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Due process also requires that there be some evidence to support the disciplinary hearing findings. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445.

Mr. Rodriguez fails to assert that any of the *Wolff* requirements were violated during his original disciplinary proceeding. The record for the rehearing also indicates that he again was found guilty of the same offenses and was charged with the same sanctions. Furthermore, since Mr. Rodriguez asserts that indeed no rehearing was held, the Court finds that the "Reheard 08-02-2007 0805" entry in his disciplinary record

5

is no more than an administrative entry to reinstate the incident report and conviction, which previously had been lost.

As for Mr. Rodriguez's claim that his First Amendment rights were violated because all of his appeals essentially have "gone unheard," (Compl. at 4.), the Court finds that Mr. Rodriguez was able to exhaust his administrative remedies. In the first request for administrative remedies that Mr. Rodriguez filed, he claims that he submitted an appeal to the BOP general counsel and received a response on November 15, 2007. (Compl. at 6.) An appeal to the general counsel is the final administrative appeal. *See* 28 C.F.R. § 542.15. In his second request, Mr. Rodriguez asserts that he received a response from the general counsel on June 26, 2008. (Compl. at 10.) Simply because Mr. Rodriguez does not agree with the responses he receives does not mean that his First Amendment rights were violated.

Based on the above findings, the Court finds that Plaintiff's First and Fifth Amendment claims are without merit. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 24 day of Sept, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01754-BNB

Osiel Rodriguez
Reg. No. 21136-018
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/26/08

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk